THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON SLOAN, # 339875 | * | |
| | * | Civil Action No.  JKB-13-3843 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| OFFICER J. LEE, et al. | * | |
| | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM AND ORDER

On January 20, 2015, the court denied preliminary injunctive relief to plaintiff Aaron Sloan, dismissed Warden Richard Graham, the Division of Corrections, and Western Correctional Institution as defendants, dismissed plaintiff's claim under the Americans with Disabilities Act for failure to state a claim,[1] and granted summary judgment in favor of the remaining defendants. (ECF 41). Thereafter, plaintiff filed a motion to amend his complaint. (ECF 42.) The Court denied the motion, finding that plaintiff's proposed amendments were futile; they reiterated the same legal claims and allegations of fact presented in plaintiff's earlier complaint. (ECF 43.) Pending before the court is plaintiff's second motion for leave to file an amended complaint, pursuant to Rules 15(a) and 19(a)[2] of the Federal Rules of Civil Procedure. (ECF 44). This motion will also be denied for the same reason.

---

[1] In the complaint, Sloan claimed generally that defendant Linn violated the ADA by assaulting him. Sloan did not explain why he believed the assault violated the ADA. The court addressed Sloan's allegation of assault in the context of an Eighth Amendment excessive force analysis.

[2] Plaintiff does not name any additional parties for joinder under Fed. R. Civ. P. 19.

## I. Standard for Post-Judgment Leave to Amend Complaint

A motion to amend a complaint filed after judgment has been entered is reviewed under the same standard applicable to a prejudgment motion to amend a complaint: bad faith, prejudice to the defendant, and futility. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (*en banc*). The only difference between the two, apart from timing, is that a post-judgment motion to amend may not be granted unless the judgment is vacated pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Laber*, 438 F.3d at 437. A meritorious post-judgment motion to amend may suffice for grounds to vacate a judgment under Rule 59(e). *Katyle v. Penn National Gaming*, 637 F.3d 462, 471 (4th Cir. 2011) ("To determine whether vacatur is warranted,…the court need not concern itself with [Rule 59(e) or Rule 60(b)'s] legal standards. The court need only ask whether the amendment should be granted" pursuant to Rule 15 standards).

## III. Analysis

The motion for leave to file an amended complaint is based upon plaintiff's request to add a party, Officer J. Lee. That individual, however, has been a defendant in the case since its inception.

Thus, granting leave to amend in this case would be futile. Accordingly, the motion to file an amendment to the complaint will be denied.

## IV. Conclusion

In accordance with the foregoing conclusion, it is hereby ORDERED, this _11_ day of March, 2015, by the United States District Court for the District of Maryland:

1. The motion for leave to file an amended complaint (ECF 44) IS DENIED; and

2.   The Clerk SHALL SEND a copy of this order to plaintiff and counsel.

James K. Bredar
United States District Judge